1  Katherine F. Parks, Esq.
   Nevada Bar No. 6227
2  Thorndal Armstrong, PC
   6590 S. McCarran Blvd., Suite B
3  Reno, Nevada 89509
   Tel: (775) 786-2882
4  kfp@thorndal.com
   Attorney for Defendants
5  LYON COUNTY and TAYLOR CUNNINGHAM

6

7                    UNITED STATES DISTRICT COURT

8                          DISTRICT OF NEVADA

9

10 | Lester James as Grandparent and Legal
   | Guardian of K.J., a Minor Child,
11 |
   |              Plaintiff,                    | Case No.    3:24-cv-00247-ART-CSD
12 |
   | vs.
13 |                                             | **STIPULATED PROTECTIVE ORDER**
   | Lyon County; a political subdivision of the
14 | State of Nevada; Lyon County Sheriff Deputy
   | Doe 1 Taylor Cunningham; State of Nevada
15 | on relation of the Department of Public
   | Safety, Highway Patrol Division; Nevada
16 | State Police Highway Patrol Officer Doe 2;
   | Nevada State Police Highway Patrol Officer
17 | Doe 3; and Does 4 through 10, inclusive,
18 |              Defendants.
19

20     In order to protect the confidentiality of confidential information obtained by the parties

21 identified in the above caption in connection with this case, the parties hereby agree as follows:

22     1.      Any party may designate as "confidential" (by stamping the relevant page or

23 otherwise as set forth herein) any document or response to discovery which that party or non-

24 party considers in good faith to contain confidential information, subject to protection under the

25 Federal Rules of Civil Procedure, or state or federal law ("Confidential Information"). Where a

26 document or response consists of more than one page, the first page and each page on which

27 confidential information appears shall be so designated.

28

                                          - 1 -

1      2.    A party may designate information disclosed during a deposition or in response
2  to written discovery as "confidential" by so indicating in said response or a party may designate
3  in writing, within twenty (20) days after receipt of said responses or of the deposition transcript
4  for which the designation is proposed, that specific pages of the transcript and/or specific
5  responses be treated as "confidential" information. Any other party may object to such proposal,
6  in writing or on the record. Upon such objection, the parties shall follow the procedures
7  described in paragraph 8 below. After any designation made according to the procedure set
8  forth in this paragraph, the designated documents or information shall be treated according to the
9  designation until the matter is resolved according to the procedures described in paragraph 8
10 below, and counsel for all parties shall be responsible for marking all previously unmarked
11 copies of the designated material in their possession or control with the specific designation.

12     3.    All information produced or exchanged in the course of this case (other than
13 information that is publicly available) shall be used by the party or parties to whom the
14 information is produced solely for the purpose of this case.

15     4.    Except with the prior written consent of the party or parties who designated the
16 material "Confidential Information," or upon the prior order of this Court obtained upon notice
17 to opposing counsel, Confidential Information shall not be disclosed to any person other than:

18     (a)    counsel for the respective parties to this litigation, including in-house counsel and
19 co-counsel retained for this litigation;

20     (b)    employees of such counsel;

21     (c)    individual parties, class representatives, any officer or employee of a party, to the
22 extent deemed necessary by Counsel for the prosecution or defense of this litigation;

23     (d)    consultants or expert witnesses retained for the prosecution or defense of this
24 litigation, provided that each such person shall execute a copy of the Certification annexed to this
25 Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the
26 Confidential Information and made available for inspection by opposing counsel during the
27 pendency or after the termination of the action only upon good cause shown and upon order of
28 the Court) before being shown or given any Confidential Information;

   (e)  any authors or recipients of the Confidential Information;

   (f)  the Court, Court personnel, and court reporters; and

   (g)  witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

  5.  Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

  6.  Unless otherwise permitted by statute, rule or prior court order, papers filed with the Court under seal shall be accompanied by a concurrently filed motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC.,* 809 F.3d 1092, 1097 (9th Cir. 2016).

  7.  A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers of other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

  8.  If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) days from the

receipt of such written notice to apply to the Court for an order designating the material as confidential. The party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party who claims that the material is Confidential Information withdraws such designation in writing; or

(b) the party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not confidential.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work protection.

///

///

///

13. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

Dated this 1st day of October, 2025.

KESTREL LAW PLLC

By:  */s/ Leah Kestrel Finke*
    LEAH KESTREL FINKE, ESQ.
    5470 Kietzke Lane, Suite 300
    Reno, NV 89511
    Attorney for Plaintiff

Dated this 1st day of October, 2025.

STATE OF NEVADA, OFFICE OF THE ATTORNEY GENERAL

By:  */s/ Laura Ginn*
    LAURA M. GINN, ESQ.
    Senior Deputy Attorney General
    555 Wright Way
    Carson City, NV 89711
    Attorney for Defendant
    STATE OF NEVADA EX REL. THE DEPARTMENT OF PUBLIC SAFETY, HIGHWAY PATROL DIVISION

Dated this 1st day of October, 2025.

THORNDAL ARMSTRONG, PC

By:  */s/ Katherine Parks*
    KATHERINE F. PARKS, ESQ.
    State Bar. No. 6227
    6590 S. McCarran Blvd, Suite B
    Reno, NV 89509
    Attorney for Defendants
    LYON COUNTY and
    TAYLOR CUNNINGHAM

**ORDER**

IT IS SO ORDERED.

DATED: This __1st__ day of __October__ 2025.

_____
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT "A"**

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, 20____, in "Lester James as Grandparent and Legal Guardian of K.J., a Minor Child, Plaintiff, vs. Lyon County; a political subdivision of the State of Nevada; Lyon County Sheriff Deputy ~~Doe 1~~ Taylor Cunningham; State of Nevada on relation of the Department of Public Safety, Highway Patrol Division; Nevada State Police Highway Patrol Officer Doe 2; Nevada State Police Highway Patrol Officer Doe 3; and Does 4 through 10, inclusive, Defendants, Civil No. 3:24-cv-00247-ART-CSD." I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including copies, notes, or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

DATED: _____.

_____