# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MELODY JAMES, as Legal Guardian of Kileah James, a Minor Child,

    Plaintiff

v.

LYON COUNTY, et al.,

    Defendants

Case No.: 3:24-cv-00247-ART-CSD

**Order**

Re: ECF No. 62

Defendant State of Nevada ex rel Department of Public Safety, Highway Patrol Division (NHP) moves to strike Plaintiff's third amended complaint (TAC) because Plaintiff did not obtain NHP's consent for its filing and did not move for leave to amend. (ECF Nos. 62, 62-1 to 62-17.) Plaintiff opposes the motion. (ECF Nos. 62, 63-1 to 63-17.) NHP filed a reply. (ECF No. 64.)

Federal Rule of Civil Procedure 12(f) provides authority for the court to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading.

This is a simple motion to resolve. It is undisputed that Plaintiff is outside the timeframe to amend as a matter of course under Federal Rule of Civil Procedure 15(a)(1). Therefore, Plaintiff was required to obtain the opposing parties' written consent or seek leave of court in order to amend a pleading. Fed. R. Civ. P. 15(a)(2).

While NHP agreed to the substitution of the guardian ad litem (ECF Nos. 63-7, 63-8) and to the substitution of specific NHP officers (ECF No. 63-5), NHP did not give consent to the filing of the TAC, which Plaintiff acknowledges includes changes other than the substitution of those parties. (*See* ECF No. 62-2 at 2; ECF No. 62-3 at 3.)

Therefore, Plaintiff was required to seek leave of court to amend under Rule 15(a)(2). Plaintiff failed to do so. Plaintiff argues there is no prejudice as a result of the amendment, but the amendment does not comport with Rule 15. Accepting Plaintiff's argument that requiring compliance with the Federal Rules of Civil Procedure would amount to "elevat[ing] form over substance," would obviate the need for the Rules. Moreover, while Plaintiff argues leave would likely be given under the liberal standard governing amendment, this presupposes that Plaintiff sought leave to amend.

Plaintiff did not comply with Rule 15 in filing the TAC. Therefore, NHP's motion to strike the TAC is granted. Under the current scheduling order, Plaintiff has until April 16, 2026, to amend a pleading. (ECF No. 52.) The court encourages the parties to meet and confer in an effort to obviate the need for a motion for leave to amend, but if those efforts are unsuccessful, Plaintiff may file a motion for leave to amend within the parameters of the existing scheduling order.

## CONCLUSION

NHP's motion to strike the Third Amended Complaint (ECF No. 62) is **GRANTED**.

The Clerk shall kindly **STRIKE** the Third Amended Complaint (ECF No. 57).

The parties shall meet and confer concerning Plaintiff's proposed Third Amended Complaint. Any motion for leave to amend must be filed within the parameters of the existing scheduling order.

**IT IS SO ORDERED**.

Dated: March 25, 2026

_____
Craig S. Denney
United States Magistrate Judge

2