**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MELODY JAMES, as legal guardian of KILEAH JAMES, a minor child,<br><br>Plaintiff<br><br>v.<br><br>BRAD POPE, et al.,<br><br>Defendants | Case No.: 3:24-cv-00247-ART-CSD<br><br>**Order**<br><br>Re: ECF No. 88 |

Before the court is Plaintiff's motion regarding discovery dispute (ECF No. 88). The NHP defendants ("NHP") have responded. (ECF No. 90).

In her motion, Plaintiff asks the court to order the production of an unredacted version of an email written by Trooper Marenco and forwarded to various of his supervisors. (NHP003148-NHP003150). NHP responds that the redacted portions of the email are protected by the deliberative process privilege.

Following *in camera* review, the court concludes that the deliberative process privilege does not apply to most of the redacted portions of Trooper Marenco's email. Accordingly, Plaintiff's motion regarding discovery dispute will be granted, and NHP will be ordered to disclose to Plaintiff a version of Trooper Marenco's email in accordance with this order.

## I. BACKGROUND

The complaint in this matter alleges that on March 18, 2022, an intoxicated Phalina James was detained and handcuffed by NHP officers on the side of the road near Fernley, Nevada. She had been running into the street and throwing rocks at cars. A Lyon County deputy sheriff later arrived and offered to take Plaintiff to nearby Wadsworth or to jail. Despite Plaintiff

stating she had no one in Wadsworth and repeatedly requesting to go to jail, Plaintiff was transported to Wadsworth. Later, Plaintiff walked onto I-80, where she was hit by a vehicle and died. (ECF No. 27.)

Plaintiff brings this action on behalf of James' minor child against the NHP and Lyon County officers involved in James' detention, as well as NHP and Lyon County directly, for violations of 42 U.S.C. § 1983 and wrongful death. The email at issue in this motion was written by defendant Marenco the day after the incident, and details both the facts of what occurred as well as his opinions on how the situation was handled. NHP's disclosure of the email to Plaintiff redacts Marenco's opinions pursuant to the deliberative process privilege.

**II. STANDARD**

The deliberative process privilege[1] allows "the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). The privilege exists "to promote frank and independent discussion among those responsible for making governmental decisions." *Id.* For the privilege to apply, the document must be (1) "predecisional – it must have been generated before the adoption of an agency's policy or decision," and (2) "deliberative in nature, containing opinions, recommendations, or advice about agency policies." *Id.*

The privilege is qualified, and a "litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Id.* "Among the factors to be considered in making this determination are: 1) the

---

[1] Plaintiff does not contest that a deliberative process privilege exists and could apply in this case if the standard is otherwise met.

relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id.*

In *Llera v. Las Vegas Metro. Police Dep't*, the court analyzed whether the deliberative process privilege permitted the withholding of a "CIRT report," a "mandatory internal-investigation" of the excessive force incident that was the subject of the complaint in that case. 564 F. Supp. 3d 914, 917 (D. Nev. 2021). The court ultimately determined that while the reports were predecisional and deliberative, the plaintiff's need for the reports outweighed the government's interest in non-disclosure, in large part because the opinions and conclusions in the reports were directly relevant to the plaintiff's municipal liability claims. *See id*. at 919. In discussing the *Warner* factors, the court also discussed at length the defendants' claim that disclosure would hinder candid discussions, rejecting the argument that the possibility of disclosure of deliberative material would necessarily hinder frank and independent discussion of policies and decisions. *Id.* at 920-22.

In *Farmer v. Las Vegas Metro. Police Dep't*, the court upheld the magistrate judge's conclusion that those parts of a CIRT report containing the analysis, conclusion and discussions of policy were exempt from disclosure. 2020 WL 11028818 (D. Nev. Feb. 25, 2020). In that same case, the magistrate judge also concluded that an officer's statement to CIRT should be fully disclosed, subject to a confidentiality order. *See id.* at *1.

**III. ANALYSIS**

In the redacted portions of the email, Marenco shares his opinion on how the situation was handled by a Lyon County deputy sheriff -- an officer outside his agency -- and another NHP trooper. Although he purports to share the information "so maybe things like this can be

avoided in the future," there is no discussion of specific policies or agency decisions, nor does NHP tie Marenco's email to any specific agency decision or consideration of policies, other than in the most generic sense.

While "existence of the privilege [does not] turn[] on the ability of an agency to identify a specific decision in connection with which a memorandum is prepared," *N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 153 n.18 (1975),

> the absence of an identifiable later decision is of considerable relevance to the deliberative process privilege, as evidence of whether a later decision was indeed under consideration. Otherwise, the privilege would be boundless, as "[a]ny memorandum always will be 'predecisional' if referenced to a decision that possibly may be made at some undisclosed time in the future.

*Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 981 (9th Cir. 2009).

In *Leopold v. U.S. Dep't of Just.*, 411 F. Supp. 3d 1094, 1106 (C.D. Cal. 2019), a court in the Central District of California found the privilege did not apply to FBI emails forwarding news articles about Russian election interference, which the DOJ had argued were privileged because they "represent[ed] the initiation of discussions about any follow up actions regarding the information reported in the article." The court explained: "These documents are not predecisional, as there is no specific decision that resulted from the discussion. The description suggests that the authors were contemplating whether there should be 'any follow up actions.' [There is no indication that] any decision or action was ever taken." *Leopold v. U.S. Dep't of Just.*, 411 F. Supp. 3d 1094, 1106 (C.D. Cal. 2019) (internal citation omitted).

Similarly, here, the court concludes that NHP, the party opposing discovery, has failed to carry its burden of establishing that that Trooper Marenco's opinions and concerns were predecisional – specifically, that they related to any decision at all. NHP claims that Marenco's statements relate to "collaboration issues with a Lyon County Sheriff Deputy, potential training

and/or disciplinary issues, and potential impact to policies and/or procedures." (ECF No. 90 at 3.) The repeated use of the word "potential" highlights the fact that NHP has failed to identify one single policy, training, or disciplinary decision that resulted from or was informed by Marenco's email. While not dispositive, it does support the court's ultimate conclusion that Marenco's email largely is not predecisional as it has not been shown to relate to any concrete decision.

Furthermore, more than half of the redactions are critiques of the actions of an officer in an entirely separate agency. NHP has not explained how these critiques can be construed as relating to NHP policy and decision-making.

Even if the redactions were subject to the privilege, the court concludes that the *Warner* factors weigh in favor of disclosure. The evidence is relevant to Plaintiff's claims and, because it details Marenco's internal thought processes and impressions of what took place, is unavailable elsewhere. NHP is a defendant in this action, and the court is not persuaded that disclosure of Marenco's impressions would hinder frank and independent discussion regarding contemplated policies and decisions, for reasons similar to those set forth in the *Llera* decision.

There are two exceptions to the court's ruling. First, the final redacted portion arguably relates to an agency policy, and the court does not see any need for Plaintiff's possession of this information under the *Warner* factors. The final redacted line may therefore remain redacted. Second, the phone numbers may also remain redacted.

## IV. CONCLUSION

In accordance with the foregoing, Plaintiff's motion regarding discovery dispute (ECF No. 88) is **GRANTED**. NHP shall disclose to Plaintiff a version of Marenco's email that redacts only the already-redacted phone numbers and the final line in Marenco's concluding paragraph.

**IT IS SO ORDERED**.

Dated: September 16, 2026

Craig S. Denney
United States Magistrate Judge