**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MELODY JAMES, as legal guardian of KILEAH JAMES, a minor child,

Plaintiff

v.

BRAD POPE, et al.,

Defendants

Case No.: 3:24-cv-00247-ART-CSD

**Order**

Re: ECF Nos. 113, 123

Before the court are two motions regarding discovery dispute filed by Plaintiff. (ECF Nos. 113, 123.)

**1. Officer Mullens' Deposition (ECF No. 113)**

Plaintiff's first motion seeks an order compelling the NHP Defendants to make Defendant Officer Mullens available for a continued deposition following the identification of new body camera footage and text messages during his deposition. (ECF No. 113.) NHP Defendants oppose, arguing that the meet-and-confer was not complete and that Plaintiff did not request the new evidence before the deposition, so her request to continue the deposition is not justified. (ECF No. 119.)

The court has considered the parties' declarations regarding the efforts that were made to confer on this issue and concludes Plaintiff's motion was not premature. Indeed, nothing in NHP Defendants' response to suggest their position would have materially changed with further conferral. The motion will not therefore be denied on that basis.

Under Federal Rule of Civil Procedure 30(a)(2)(A)(ii), a party must obtain leave of court to further depose a person who has already been deposed. NHP Defendants ask the court to bar Plaintiff from further deposing Mullens because she had ample opportunity to seek the newly disclosed evidence before Mullens' original deposition but did not do so. Fed. R. Civ. P. 26(b)(2)(C)(ii).

Plaintiff represents that she has not used the full seven hours to depose Mullens and would not exceed that total amount of time in a continued deposition. As such, the court does not find any basis to restrict further deposition of Mullens and **GRANTS** Plaintiff's request to conduct a continued deposition (ECF No. 113). The continued deposition, however, **is limited in time to ninety (90) minutes and in scope to the contents of the BWC footage and the Mullen and Cunningham text messages**.

**2. Request for Production No. 13, MIRT Report, and Associated Documents and Media**

Plaintiff's second motion seeks an order compelling the NHP Defendants to produce all documents and media related to the fatal-collision investigation report (MIRT report) she asserts she sought in Request for Production No. 13, provide an inventory of what has been produced and what has not, and amend their response to comply with the court's prior orders.

NHP Defendants respond that what Plaintiff now seeks is not responsive to Request for Production No. 13 and that "[i]f Plaintiff wants specific photographs or recordings, she can serve a request that identifies them." (ECF No. 126 at 4.) Defendants further assert that the meet-and-confer on this subject was not only overbroad and nonspecific but also, taking place more than a month before the motion was filed, stale.

The court agrees that the meet-and-confer as to Plaintiff's second discovery motion was insufficient. Plaintiff's motion (ECF No. 123) is therefore **DENIED WITHOUT PREJUDICE**. Plaintiff is directed to serve a targeted request that identifies the documents, photographs or recordings she seeks, and the parties may meet and confer if there are issues of overbroadness, proportionality, or undue burden.

**CONCLUSION**

In accordance with the foregoing, Plaintiff's motion regarding Officer Mullens' deposition (ECF No. 113) is **GRANTED** subject to the limits set forth above, and Plaintiff's motion regarding the MIRT report (ECF No. 123) is **DENIED WITHOUT PREJUDICE** to serve a targeted request for the documents and media Plaintiff seeks.

**IT IS SO ORDERED**.

Dated: November 25, 2026

Craig S. Denney
United States Magistrate Judge