AARON D. FORD
Attorney General
LAURA M. GINN (Bar No. 8085)
Senior Deputy Attorney General
JARED M. FROST (Bar No. 11132)
Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
555 Wright Way
Carson City, NV 89711
(775) 684-4603 (phone)
(775) 684-4601 (fax)
lginn@ag.nv.gov
jfrost@ag.nv.gov

*Attorneys for Defendants State of Nevada ex rel, the Department of Public Safety, Highway Patrol Division, Caleb Mullen, and Wesley Roberts*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Melody James, as Legal Guardian of Kileah James, a Minor Child,<br><br>Plaintiff,<br><br>vs.<br><br>Lyon County, a political subdivision of the State of Nevada; Lyon County Sheriff Deputy Taylor Cunningham; State of Nevada on relation of the Department of Public Safety, Highway Patrol Division; Nevada State Police Highway Patrol Trooper Caleb Mullen; Nevada State Police Highway Trooper Anthony Marenco; Nevada State Police Highway Trooper Wesley Roberts; and Does 5 through 10, inclusive<br><br>Defendants. | Case No. 3:24-CV-00247-ART-CSD<br><br>**STATE DEFENDANTS' PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |

Defendants STATE OF NEVADA EX REL. DEPARTMENT OF PUBLIC SAFETY, HIGHWAY PATROL DIVISION (NHP); CALEB MULLEN; and WESLEY ROBERTS ("State Defendants"); by and through counsel, LAURA M. GINN and JARED M. FROST, Senior Deputy Attorneys General, hereby Oppose in Part Plaintiff's Motion for Leave to Amend. ECF 121.

/ / /

**I. INTRODUCTION AND BACKGROUND**

State Defendants partially oppose Plaintiff's Motion for Leave to Amend as futile.

Plaintiff's Motion leaves out the following important facts:

First, Captain Cavanaugh's deposition was canceled and rescheduled due to Ms. Ginn's family emergency. Ms. Ginn was called out of Nevada due to a family emergency the night of November 8, 2026. Exhibit 1, declaration of Ms. Ginn. The next morning at 8:18am, Ms. Ginn sent an email to counsel, including Plaintiff's Counsel, indicating her out of town family emergency, that Captain Cavanaugh's deposition for the next day was canceled, and that Undersigned Counsel was working with Captain Cavanaugh to find alternative dates. *Id*. at 2. Within two hours, Captain Cavanaugh's and Undersigned Counsels' availability was confirmed for proposed dates to reschedule his deposition. *Id*. at 2. By the end of the day on Monday, November 9, 2026, Captain Cavanaugh's deposition was rescheduled for December 14, 2026 at 9:00am. *Id*. Plaintiff's Counsel, Ms. Fink, did not respond to Ms. Ginn's family emergency email. *Id*. Ms. Ginn did not return to the State of Nevada until November 11, 2026. *Id*.

Second, State Defendants responded (ECF No. 126) to Plaintiff's Motion regarding Discovery Dispute: Continued Deposition of Caleb Mullen (ECF No. 119). This issue was resolved by this Court's Order. EFC NO. 127.

Third, Undersigned Counsel identified a conflict in its representation. This conflict required the Office of the Attorney General to obtain Mr. Melendrez as conflict counsel for Defendant Marenco, which necessitated rescheduling Defendant Marenco's deposition. Undersigned Counsel identified the conflict and reached out to Plaintiff's Counsel to inform her of the conflict and that the Office of the Attorney General was working to obtain counsel for Defendant Marenco. When the Office of the Attorney General obtained Mr. Melendrez as counsel for Defendant Marenco, Plaintiff's Counsel was informed. Mr. Melendrez needed time to speak with his client and to review the case, which necessitated rescheduling Defendant Marenco's deposition.

Fourth, State Defendants stipulated to extending scheduling order deadlines at least four times (ECF Nos. 52, 84, 86, and 94).

Fifth, State Defendants responded to extensive discovery requests and produced approximately 3,884 pages of documents, responded to three sets of requests for production and two sets of

Interrogatories, and Plaintiff's Counsel deposed Trooper Mullen, Trooper Roberts, and a non-party, Nevada Highway Patrol Lieutenant Meeks.

This Court dismissed Plaintiff's claims for negligent training and supervision and concert of action in the Second Amended Complaint. ECF No. 47 at 14:5-7. State Defendants did not include Plaintiff's State and Federal claims for Due Process or Equal Protection in its Motion to Dismiss. *See generally,* ECF No. 30. The remaining claims after this Court's Order on State Defendants' Motion to Dismiss were negligence, wrongful death, and the State and Federal claims for Due Process or Equal Protection.

The proposed Fourth Amended Complaint adds new claims including a Fourteenth Amendment claim of familial association against Defendants Cunningham, Mullen, and Marenco, and a municipal liability against Defendant Lyon County. At the time the operative Second Amended Complaint was filed, there was no estate for Phalina James.

State Defendants request that this Court deny Plaintiff's Motion for leave as to the claims brought by the estate, the State Constitutional Due Process claim, and the Federal and State Equal Protection Claims.

## II. LEGAL STANDARD

Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.). Under Fed. R. Civ. P.15(a)(2), a party may amend its pleadings upon the consent of the opposing party or with leave from the court. Fed. R. Civ. P.15(a). However, leave will not be granted if amendment would be futile.[1] Futility alone can justify the denial of a motion for leave to amend.[2]

The Court may deny leave to amend in circumstances of "undue delay, bad faith [,] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment."[3]

---

[1] *See, e.g. Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the Plaintiff has previously amended the complaint.)

[2] *Nunes v. Ashcroft,* 375 F.3d 805, 808 (9th Cir. 2004).

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (emphasizing that "[a] district court does not err in denying leave to amend where amendment would be futile").

## III. LEGAL ARGUMENT

### A. All Claims Brought By The Estate Are Futile Because The Estate Has No Standing

**There was no Estate open** when the complaint was filed, and therefore no authority existed for a lawsuit to be filed on behalf of the Estate. The Estate must be dismissed as it did not exist at the time this lawsuit was initiated on April 20, 2022. As such, there was no authority to file a lawsuit on its behalf and this lack of standing is a legal defect that cannot be cured by amendment. This Court lacks jurisdiction over those claims.

"An action must be prosecuted in the name of the *real party* in interest."[4] Fed. R. Civ. P. 17(a) does not define the term real-party-in interest, rather it "allows a federal court to entertain a suit at the instance of any party to whom the relevant substantive law grants a cause of action."[5] The Court must thus look to the substantive law under which the right is brought, while also bearing in mind that "[t]he modern function of the rule is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata."[6] In Nevada, to be a real party in interest, one must "possess[] the right to enforce the claim and has a significant interest in the litigation."[7] "[J]urisdiction of the court depends upon the state of things at the time of the action brought."[8] "Later events may not create jurisdiction where none existed at the time of filing."[9] As we have here, a special administrator is "a personal representative appointed pursuant to [NRS] chapter 140."[10] According to statute, an individual does not become a special administrator until the court issues a minute order or a written order stating such.[11] Only when a special administrator is legally appointed by the court can they "*commence, maintain*, or defend *actions and other legal*

---

[4] Fed. R. Civ. P. 17(a)(1) (emphasis added).
[5] *U-Haul Intern., Inc. v. Jartan, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986).
[6] *Id.* at 1039 (internal citations and alterations omitted).
[7] *Arguello v. Sunset Station, Inc.,* 127 Nev. 365, 368, 252 P.3d 206, 207 (2011) (quoting *Szilagyi v. Testa*, 99 Nev. 834, 838, 673 P.2d 495, 498 (1983)) (internal quotations omitted).
[8] *Grupo Dataflux v. Atlas Glob. Group, L.P.*, 124 S. Ct. 1920, 1924 (2004) (*quoting*, *Mollan v. Torrance,* 9 Wheat. 537, 539, 6 L.Ed. 154 (1824).
[9] *GAF Bldg. Materials Corp. v. Elk Corp.,* 90 F.3d 479, 483 (Fed. Cir. 1996) (emphasis added) (*quoting*, *Spectronics Corp. v. H.B. Fuller Co., Inc.*, 91-1041, 1991 WL 138501 (Fed. Cir. 1991).
[10] NRS 132.315.
[11] NRS 140.020(1).

*proceedings*."[12] As such, a special administrator, on behalf of an estate, is not a real party in interest (and cannot bring an action on behalf of an estate) until they are legally appointed by a court order.

It has long been the case that "the jurisdiction of the court depends upon the state of things at the time of the action brought" and later developments do not retroactively create jurisdiction retroactively."[13] Here, no legal authority existed for anyone to file a lawsuit on behalf of the Estate and the Estate was not a party to this litigation when Plaintiff filed her Complaint. Neither Plaintiff's First or Second Amended Complaint filed with this Court contained any claims regarding an Estate. *See generally*, ECF Nos. 1-1 and 27. Plaintiff may have had standing for the wrongful-death claim but did not have standing to bring any claims related to the estate because Plaintiff did not have the authority to prosecute estate survival claims before any appointment as Special Administrator.[14] To the extent Plaintiff seeks to cure defects concerning the Estate's existence or the appointment of a special administrator through subsequent events, those later developments cannot retroactively create standing that did not exist at the time. Plaintiff filed her complaint knowing that there was not an estate and knowing that she could not recover any damages that only an estate could recover. Thus, the estate does not have standing and the estate related claims are futile.

The Nevada Supreme Court in *Knight v Witco Chem. Co. Inc*., denied leave to amend parties who were not in existence at the time the earlier complaint was filed, finding that the record reflected no intent whatever to name respondents or anyone like them party defendants, either on the theories later proffered in appellants' proposed Second Amended Complaint or at all.[15] The Court went on to state that the prior pleadings did not toll any statute of limitations. *Id.*

Plaintiff's Estate claims are not valid under the *Knight* analysis because the Estate was not in existence at the time the earlier complaint was filed and the prior pleadings did not toll any statute of limitations. At the time this lawsuit was removed to this Court no estate was legally created because on

---

[12] NRS 140.040(2)(a)(emphasis added).

[13] *Grupo Dataflux v. Atlas Glob. Group, L.P.*, 124 S. Ct. 1920, 1924 (2004), *quoting Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824).

[14] NRS 41.085 (separating actions that can be maintained by heirs and personal representatives) and *Grupo Dataflux v. Atlas Glob. Group, L.P.*, 124 S. Ct. 1920, 1924 (2004), *quoting Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824).

[15] Knight v. Witco Chem. Co., Inc., 89 Nev. 586, 587, 517 P.2d 792, 793 (1973).

or about June 12, 2024, "Lester James, as Grandparent and Legal Guardian of K.J., a Minor Child" claimed to be a real party in interest and Plaintiff in this case. ECF No. 1.

Significantly, the Estate did not become a legal entity and no one had authority to assert a lawsuit on behalf of the Estate, until the creation of the Estate, on or about August 27, 2026 or two years, two months and sixteen days *after* the filing of the Complaint. Because the Estate was not a legal entity that could file any lawsuit on April 20, 2022, this Court did not obtain jurisdiction over these claims.

Therefore, the Estate has no standing because it did not exist at the time the statute of limitations ran or when the Complaint was filed. The Estate's lack of standing cannot be cured by amendment, and cannot relate back, because this Court lacks jurisdiction over any claim brought by the Estate.

**B. The State Constitutional Due Process and Equal Protection Claims Are Futile Because There is No Private Right of Action Established for These Claims**

In *Mack v. Williams*, the Nevada Supreme Court recognized for the first time an implied private right of action for damages under Article 1, § 18 (search and seizure) of the Nevada Constitution.[16] However, the Court expressly declined to reach the question of whether a private right of action exists with respect to section 8 (due process).[17] No Nevada appellate authority has extended an implied damages remedy to Section 8 at all. *Mack* did not determine whether there was a private right of action for state Equal Protection claims.[18] Because the existence of an implied constitutional cause of action is itself the threshold legal question, and because *Mack* conditioned recognition of such a remedy on a provision-specific analysis under the *Katzberg*[19] framework and Restatement (Second) of Torts § 874A, Plaintiff cannot simply presume that every constitutional provision she cites independently supports a damages claim. Absent controlling authority extending *Mack*, these theories of State Constitution and Equal Protection fail to state a cognizable legal claim.

Therefore, these claims are futile.

/ / /

---

[16] 138 Nev. 854, 871, 522 P.3d 434, 450 (2022).
[17] *Id.* at 857, 52 P.3d at 441.
[18] *See generally, Id.*
[19] *Katzberg v. Regents of Univ. of Cal.*, 29 Cal.4th 300, 127 Cal.Rptr.2d 482, 58 P.3d 339, 342-43 (2002).

**C. The Equal Protection Claims Against Defendant Mullen Are Futile**

The allegations for the Equal Protection claims include statements attributed to Defendants Cunningham and Marenco. Plaintiff does not include any alleged racial language used by Defendant Mullen. *See generally*, ECF No. 121-1. The allegations relating to Defendant Mullen is that he allegedly proposed a location and transported Ms. James to the location. *Id*. at 17:1-2. Defendant Mullen's alleged transportation of Ms. James is devoid of any racial motivation and Defendant Mullen's actions were not based on race. *Id*. at 17:1-5.

Importantly, Plaintiff deposed Defendant Mullen and Plaintiff fails to identify any fact that shows Defendant Mullen knew Ms. James was a member of the Pyramid Lake Paiute Tribe at the time he encountered Ms. James or when he transported her to the location and fails to identify any racial language to Defendant Mullen. Plaintiff cannot show that Defendant Mullen acted with an intent or purpose to discriminate against Ms. James based on her alleged membership in a protected class as required under Equal Protection.[20]

Therefore, Equal Protection claims against Defendant Mullen are futile.

## IV. CONCLUSION

Therefore, the State Defendants partially oppose Plaintiff's Motion for Leave to File the Fourth Amended Complaint for the above reasons and ask this Court to deny Plaintiff's Motion for leave as to the claims brought by the estate, the State Constitutional Due Process claim, and the Federal and State Equal Protection Claims.

DATED this 25th day of November, 2026.

AARON D. FORD
Attorney General

By: /s/ Laura M. Ginn
LAURA M. GINN (Bar. No. 8085)
Senior Deputy Attorney General
JARED M. FROST (Bar. No. 11132)
Senior Deputy Attorney General
*Attorneys for Attorneys for Defendants State of Nevada ex rel. The Department of Public Safety Highway Patrol Division, Caleb Mullen, and Wesley Roberts*

[20] *Jensen v. Brown*, 131 F.4th 677, 700 (9th Cir. 2025).

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on November 25, 2026, I filed the foregoing document via this Court's electronic filing system. Parties that are registered with this Court's EFS will be served electronically. For those parties not registered, service was made by depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Carson City, Nevada to the following:

Leah Kestrel Finke, Esq
5470 Kietzke Lane, Ste. 300
Reno, NV 89511

Katherine F. Parks, Esq.
Jerry M. Snyder, Esq.
Thorndal Armstrong, PC
6590 S. McCarran Blvd., Ste. B
Reno, NV 89509

/s/ M. Neumann
M. Neumann, an employee of
the office of the Nevada Attorney General

**INDEX OF EXHIBITS**

| EXHIBIT NO. | EXHIBIT DESCRIPTION | NUMBER OF PAGES |
|---|---|---|
| 1. | DECLARATION OF COUNSEL IN SUPPORT OF PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND | 2 |